IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| Sari K. Silwani<br>10009 Township Road 253<br>Lakeview, Ohio 43331 | Case No. |
| | Judge |
| and | Magistrate Judge |
| Sari K. Silwani, Trustee of the Sari K.<br>Silwani Trust, dated January 15, 2002<br>10009 Township Road 253<br>Lakeview, Ohio 43331 | (Demand for Jury Trial Endorsed<br>Hereon) |
| Plaintiffs, | |
| v. | |
| The Honorable Robin Reames, in her<br>Individual and Official capacities<br>Village of Russells Point<br>537 Miami Avenue<br>Russells Point, Ohio 43348 | |
| and | |
| The Honorable John D. Huffman, in his<br>Individual and Official capacities<br>618 High Avenue<br>Russells Point, Ohio 43348 | |
| and | |
| The Honorable Kelly L. Huffman, in her<br>Individual and Official capacities<br>618 High Avenue<br>Russells Point, Ohio 43348 | |
| and | |
| The Honorable Greg Iams, in his<br>Individual and Official capacities<br>211 Clermont | |

1

PO Box 185                                          )
Russells Point, Ohio 43348                          )
                                                    )
        and                                         )
                                                    )
The Honorable Joan Maxwell, in his                  )
Individual and Official capacities                  )
155 East Wilgus Drive                               )
Russells Point, Ohio 43348                          )
                                                    )
        and                                         )
                                                    )
The Honorable Marie Hendel, in her                  )
Individual and Official capacities                  )
451 East Main Street, Lot 23                        )
PO Box 1309                                         )
Russells Point, Ohio 43348                          )
                                                    )
        and                                         )
                                                    )
The Honorable David Wallace, in his                 )
Individual and Official capacities                  )
251 Chase                                           )
PO Box 817                                          )
Russells Point, Ohio 43348                          )
                                                    )
        and                                         )
                                                    )
Village of Russells Point                           )
c/o Brian Zets, Village Counsel                     )
Isaac Wiles                                         )
2 Miranova Place, Suite 700                          )
Columbus, Ohio 43215-5098                           )
                                                    )
                                                    )
        Defendants.                                 )

## COMPLAINT

Now comes the Plaintiffs, and for their complaint against the Defendants, state

as follows:

Introduction and Statement of Jurisdiction:

1. This is an action for declaratory judgment and related relief, injunctive relief and damages to redress the deprivation and denial of certain civil rights secured to the Plaintiffs by 42 U.S.C.A § 1983, and the Fifth and Fourteenth Amendments of the United States Constitution, and Article I, §16 of the Ohio Constitution.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337. Venue is proper in this district pursuant to 28 U.SC. § 1391(b)(1) and/or (b)(2), and in this division of this district pursuant to S.D.Ohio Civ. R. 82.1(b).

Parties:

3. Plaintiff Sari K. Silwani is an individual residing in Logan County, Ohio of Semitic ethnicity who is a non-Hebrew citizen of the State of Israel born and raised in Islamic religious traditions.

4. Plaintiff Sari K. Silwani also serves as the sole Trustee of the Sari K. Silwani Trust, dated January 15, 2002 (hereinafter "Plaintiff Trust").

5. The Honorable Robin Reames is the duly elected Mayor of the Village of Russells Point, Ohio and is named in her individual and official capacities.

6. The Honorable John D. Huffman and Honorable Kelly F. Huffman, believed to be husband and wife, are also elected members of the Village Council of Russells Point, Ohio (hereinafter "Village Council") and have been named in their respective official and individual capacities.

7. The Honorable Greg Iams is a duly elected member of the Village Council and is named in his official and individual capacities.

8. The Honorable Joan Maxwell is an appointed member of the Village Council and is named in her official and individual capacities.

9. The Honorable Marie Hendel a duly elected member of the Village Council and is named in her official and individual capacities.

10. The Honorable David Wallace a duly elected member of the Village Council and is named in his official and individual capacities.

Factual Background:

11. Plaintiffs purchased properties in or around Russell Point, Ohio.

12. On or about October 25, 2018, the Plaintiff Trust purchased the property at 184 West Main Street, Russells Point, Ohio 43438, which is depicted in the photograph attached hereto and incorporated herein as **Exhibit 1** with cars parked around it. A photograph depicting a more expansive view of the surrounding area is attached hereto and incorporated herein as **Exhibit 1.1**.

13. The property at 184 West Main Street, Russells Point, Ohio 43438 (hereinafter "West Main Property") has always been commercial property and has never been a residence.

14. The West Main Property is located on Main Street in a commercial district in the Village of Russells Point, Ohio.

15. Main Street in the Village of Russells Point, Ohio has various other commercial properties and enterprises, including a Rite Aid chain drug store at 120 Main

4

Street, Russells Point, Ohio 43438, (hereinafter "Rite Aid") which is also depicted in Exhibit 1.1

16. Between the Rite Aid chain drug store, and Plaintiff's property the Village of Russells Point Ohio through the other Defendants, is routinely approving and cooperating in the development of the same as commercial operations property on a much more expedited basis.

17. There is a tavern currently operating on Main Street in the Village of Russells Point.

18. There is a coffee shop currently operating on Main Street in the Village of Russells Point.

19. There are insurance agents and agencies currently operating on Main Street in the Village of Russells Point.

20. Plaintiffs proposed to develop the West Main Property into a restaurant and food serving establishment.

21. As a part of the development of the West Main Property, Plaintiffs applied for and obtained a TREX liquor permit, which was available for transfer to that location.

22. As a part of the TREX process, the Village Council received an inquiry from Ohio Department of Liquor Control as to whether there was any objection to the transfer by the Village of Russells Point.

23. On or before April 1, 2019, Plaintiffs, along with counsel, appeared before the Village Council to seek its approval for the TREX transfer.

24. If the Village Council objected to or did not approve of it, the Ohio Department of Liquor Control would not permit transfer of the permit to the West Main Property.

25. On April 1, 2019, the Village Council, with the participation and leadership of the mayor of Russells Point, Robin Reames, (hereinafter the "Mayor" or "Reames") decided to "table" discussions of transfer of the permit to the West Main Property.

26. The Mayor and the Village Council then began a series of negotiations with the Plaintiffs outside of public meetings.

27. As reported in an article in the newspaper, a copy of which is attached hereto and incorporated herein as **Exhibit 2**, Village Council and the Mayor requested information about the proposed establishment at the West Main Property, including hours of operation, seating capacity, and menu plans.

28. Plaintiff submitted the menu and seating arrangements for the proposed establishment at the West Main Property.

29. Plaintiffs own two (2) of the parcels between Plaintiff's proposed operations at the West Main Property and the Rite Aid, and offered to develop them into parking lots and loading locations.

30. Plaintiffs agreed to limit the hours of the proposed operations at the West Main Property to one hour later than the Rite Aid and for less hours than the drug store operates.

31. The Defendants' actual concerns and biases were expressed to Plaintiff in the non-public meetings by the mayor on behalf of the other parties by comments such as: "It is not you we have a problem with Sari, its more with **those** that may follow you or come after you."

32. In another expression of the Defendants' actual concerns and biases, the Mayor made a statement to the effect: "What would happen if you walked out of this meeting and were hit by a car? We do not know **your people or their intentions**."

33. The Defendant Mayor also informed Plaintiff Sari K. Silwani that she has members of her family who are neo-Nazis.

34. It became apparent to Plaintiffs that the real issues, concerns, and biases of the Defendants are with Plaintiffs Semitic ethnicity, his Israeli citizenship, and the religion into which he was born.

35. The putative issues with deliveries and traffic are not genuine, by reason of the Rite Aid drug store, and other business operations on Main Street in the Village of Russells Point, Ohio, including taverns operating there.

36. Just prior to April 15, 2019, Plaintiffs were advised by Defendants not to appear before Village Council with legal counsel or his application for approval would be denied merely for having legal counsel appear.

37. Although and despite the fact that Village Council had tabled the resolution on April 1, 2019 for thirty (30) days, on April 15, 2019, the matter was "un-tabled," raised for discussion, and put to a vote.

38.  Of those Village Council members then voting, several had conflicts of interest, including, but not limited to, ties to competing businesses enterprises.

39.  The matter was raised for active discussion on April 15, 2019 without prior written or any advanced notice, without sufficient publication, and a vote was taken denying the application.

40.  The vote taken on April 15, 2019 and the result of the vote by the Village Council was in large part based upon Plaintiffs' Semitic ethnicity, his Israeli citizenship, and the religion into which he was born.

41.  No other applicants or businesses located on Main Street have been similarly treated because the owners and principals thereof are not of Semitic ethnicity, Israeli citizenship, and were not born into the religion in which Plaintiff was born.

42.  Another example of Defendants disparate treatment of Plaintiffs occurred in April of 2019, when the Mayor ordered, participated in, and conducted by Village agents an investigation of alleged fraud charges in relation to a dispute with a tenant of a residential property owned by Plaintiffs.

43.  At that time, the Mayor demanded, without any authority to do so, a full confession of Plaintiffs' fraud.

44.  The Village of Russells Point, Ohio and particularly, the Mayor and law enforcement agents of the Village, have no legal jurisdiction over civil disputes between landlords and tenants.

45. On information and belief, the Mayor has no authority to investigate allegations of fraud or misrepresentation in a civil dispute.

46. On information and belief, the Mayor has no jurisdiction or authority over issues of civil fraud, or to use the instrumentalities of law enforcement for such purposes.

47. The putative fraud investigation in April of 2019 and the actions surrounding the same are further evidence of the bias and lack of due process of law afforded the Plaintiffs in dealings with the public officials of the Village of Russells Point, Ohio.

48. At all times relevant, Defendants maintained a wide spread custom, policy or practice of harassment and discrimination based upon national origin, religion, and ethnicity, that is so permanent, pervasive, and well-settled as to constitute a "custom and usage" with a force or effective law.

49. This discriminatory custom policy and practice referred to in the paragraphs preceding, was the proximate cause of Plaintiffs' injuries, including, but not limited to, inability to develop Plaintiffs' properties as commercial properties similar to, not substantially different from, and among other commercial properties on Main Street and otherwise in the Village of Russells Point, Ohio.

50. Defendants are aware of the discriminatory actions of which the Plaintiffs' complain, but acted with deliberate indifference to the conduct and did nothing to address it.

51. Through their actions, polices, and conduct directed towards the Plaintiffs, both collectively and individually, Defendants deprived Plaintiffs of their constitutional right to equal protection of the law, in violation of 42 U.S.C.A. § 1983, the Fifth and Fourteenth Amendments of the United States Constitution, and Article I, §16 of the Ohio Constitution.

52. On June 24, 2019 Plaintiff caused to be sent to Defendants an evidence preservation letter, a copy of which is attached hereto as **Exhibit** 3.

53. In response to Exhibit 3, Defendants contacted Plaintiffs' counsel through counsel and requested an extension of time to respond, as confirmed by the email transmitted Thursday, June 27, 2019 attached hereto as **Exhibit** 4.

54. Between the time of Exhibit 3 until July 23, 2019 Defendants feigned that they were attempting to resolve matters with Plaintiffs, as evidenced by the chain of emails with the then legal counsel for Defendants, a copy of the chain of communications being attached hereto as **Exhibit** 5.

55. The ultimate outcome of **Exhibit 5** as that while their then counsel Defendants asked Plaintiff to wait for a response, they terminated their legal counsel without telling Plaintiff as evidenced by the email transmitted Jul 23, 2019, 2:34 PM EDST.

56. The Defendants obtained additional delays by pretending to work through counsel and then terminating counsel without telling Plaintiffs.

Count One: Declaratory Judgment

57. Paragraphs 1 through 56 above are re-alleged and incorporated by reference as if fully rewritten herein.

58. The averments of this Count One constitute a claim for declaratory judgment pursuant to 28 U.S.C. §§ 2201, *et seq.*, Fed. R. Civ. P. 57, and Ohio Rev. Code 2721.01, *et seq.*

59. There is a dispute and controversy between Plaintiffs and Defendants as to the rights, status, and other relationships between them, including Defendants' treatment of the Plaintiffs in the ordinary course.

60. Plaintiffs pray for a judgment declaring as follows:

60.1 That Defendants have treated and/or dealt with the Plaintiffs differently than they have acted or treated any other business in the Village of Russells Point, Ohio based upon Plaintiffs Semitic ethnicity, Israeli citizenship, and the religion into which he was born, Islam;

60.2 That Defendants' purported concerns with respect to parking and deliveries for the proposed West Main Property are rendered ludicrous by the fact that a large chain drug store, Rite Aid, with operating hours 12-13 hours per day is located at 120 West Main Street;

60.3 That Defendants failure, inability, and refusal to allow Plaintiffs to use vacant lots adjacent to the West Main Property for parking and delivery demonstrates that there was no reason or purpose for denying approval

11

for transfer of the liquor permit other than Plaintiffs' Semitic ethnicity, Israeli citizenship, and the religion into which he was born, Islam;

60.4   That the Village of Russells Point, Ohio has no legal authority to investigate issues between landlords and tenants, especially with respect to issues of fraud;

60.5   That the Village of Russells Point, Ohio has no ability to use its local law enforcement to investigate civil disputes between landlords and tenants;

60.6   That the fact that the city of Village of Russells Point, Ohio investigated disputes between Plaintiffs and residential tenants demonstrates a bias and malice towards the Plaintiffs;

60.7   That the Defendants actions as described above, denied Plaintiffs due course of law under Article I, §16 of the Ohio Constitution;

60.8   That the actions of the Defendants, jointly and severally, in connection with Village of Russells Point, Ohio deprived Plaintiffs of their constitutional rights to equal protection of the laws in violation of 42 U.S.C. § 1983, and the Fifth and Fourteenth Amendments of the United States Constitution;

60.9   That any of the Defendants who had conflicts of interest based upon their employment, or economic interests with respect to Plaintiffs' proposed actions should have abstained from any consideration of the Plaintiffs' matters;

60.10  That Defendants advising Plaintiffs to not appear with legal counsel deprived Plaintiffs of due process of law under the Ohio Constitution and Plaintiffs' constitutional rights of equal protection of the law, in violation of 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments of the United States Constitution;

60.11  That the actions of the Defendants of tabling and then moving forward with consideration of Plaintiffs' proposal in less than the 30 days previously indicated, and the other actions described in this complaint, denied Plaintiffs due course of law under the Ohio Constitution, Article I, §16 and constitute violations of 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments of the United States Constitution;

60.12  That the Defendants, and especially members of the Village Council, are a public body, as defined by Ohio Rev. Code § 121.22(B)(1).

60.13  That Defendants violated the Ohio Open Meetings Act, by the discussions held with the Plaintiffs not in public meetings and statements made therein, like those discussed in paragraphs 30 and 31 of this complaint;

60.14  That there is no exception, defense, justification, or excuse for any violations of the Ohio Open Meetings Act by the Defendants;

60.15  That by reason of Defendants' violations of the Ohio Open Meetings Act, Plaintiffs are entitled to the remedies set forth in Ohio Rev. Code § 121.22(B)(1);

60.16 That the Defendants have exceeded their statutory authority, have personal liability for the damages and attorney's fees to be awarded to the Plaintiffs hereunder;

60.17 Or in the alternative, that this Court declare the respective rights and liabilities of the parties.

## Count Two: § 1983 Discrimination

61. The averments of paragraphs 1 through 60.17 above are incorporated by reference as if fully rewritten herein.

62. The actions of the Defendants, jointly and severally, constitute denial to the Plaintiffs of due course of law under the Ohio Constitution at Article I, §16, and equal protection of the law under the Fifth and Fourteenth Amendments of the United States Constitution, and thus violate 28 U.S.C. § 1983.

63. By reason of the Defendants' denial of due process of law and equal protection of the law to Plaintiffs, Plaintiffs have been damaged equal to the amount awarded by the jury at trial and not less than $100,000.

64. By reason of the Defendants violations of 28 U.S.C. § 1983, Plaintiffs are entitled to recover the cost of this litigation, including, but not limited to, their attorney's fees in connection with the same.

## Count Three: Ohio Open Meetings Act

65. The averments of paragraphs 1 through 64 above are incorporated by reference as if fully rewritten herein.

14

66. Defendants have violated Ohio's Open Meetings Act in connection with the proceedings regarding the Plaintiffs.

67. By reason of the violations of Ohio Open Meetings Act by the Defendants, Plaintiffs are entitled to the remedies set forth in Ohio Rev. Code § 121.22(B)(1).

**Count Four:  Unlawful Taking without Compensation.**

68. The averments of paragraphs 1 through 67 above are incorporated by referenced as if fully rewritten.

69.  The Village of Russells Point has engaged in a regulatory taking of commercially-zoned real estate owned by Plaintiffs, but has neither offered compensation for its taking, nor has it commenced appropriation proceedings as required by the United States and Ohio Constitutions.

70.  The actions of the Village as described herein have operated to deprive Plaintiffs of all or at least some of the economic value of the Main Street Property.

71. Insofar as the Village has expressly tethered its decision-making to Plaintiffs' ethnic and religious background, it is unclear that there is any form of business or commercial operation that would pass muster with the Village so long as Plaintiffs are the owners of the real estate.

72. At a minimum, the actions of the Village have, in whole or at least in part, deprived Plaintiffs of their reasonable expectations in purchasing the Main Street property for use as a restaurant.

73. The actions of the Village as described herein are not a part of an officially-enacted program of land use regulation. Instead, they are a part of an *ad hoc* series of decisions directed solely to Plaintiffs and their ownership of the Main Street property, and only on account of Plaintiffs' ethnic and religious background.

74. The acts and omissions of the Village constitute a taking, in whole or in part, of Plaintiffs' property without just (or any) compensation.

75. By virtue of the Village's unlawful taking of Plaintiffs' property, Plaintiffs have been deprived of their rights, privileges and immunities secured by the Fifth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

A. Regarding Count One, for the declaratory judgments prayed for in paragraphs 60.1 through 60.17 above;

B. In regard to Count Two, for an award of compensatory and punitive damages against the Defendants, jointly and severally, in an amount to be awarded by the jury at trial and not less than $100,000; and for equitable and/or injunctive relief to prevent future violations of Plaintiffs' rights under the United States Constitution;

C. In regard to Count Three, for the remedies set forth in Ohio Rev. Code § 121.22(I)(2), a civil forfeiture of $500.00 to the Plaintiffs, for an injunction compelling the Defendants to comply with the provisions of the Ohio Open

Meetings Act, and an award of Plaintiff's attorney fees pursuant to Ohio Rev. Code § 121.22(I)(2); and

D.  In regard to Count Four, for an award of compensatory and punitive damages against the Defendants, jointly and severally, in an amount to be awarded by the jury at trial and not less than $100,000; and for equitable and/or injunctive relief to prevent future violations of Plaintiffs' rights under the United States Constitution;

E.  Pursuant to 42 U.S.C. §1988 and/or Ohio Rev. Code §121.22, for an award of attorneys fees and costs; and

F.  Any and all such other relief as the Court may find just and proper.

Respectfully Submitted,

/s/ Rick L. Brunner
Rick L. Brunner               (0012998)
Email:    rlb@brunnerlaw.com
Patrick M. Quinn              (0081692)
Email:    pmq@brunnerlaw.com
BRUNNER QUINN
35 N. Fourth St., Ste. 200
Columbus, Ohio 43215
Telephone: (614) 241-5550
Facsimile: (614) 241-5551
*Attorneys for Plaintiffs*

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiffs hereby demand a trial by jury of not less than eight (8) persons on all issues so triable.

/s/ Rick L. Brunner
Rick L. Brunner                    (0012998)

EXHIBIT 1

GIS

Page 1 of 1





20    40ft

Print

EXHIBIT 1.1





Print

EXHIBIT 2

Tuesday in the high school auditorium. The concert was titled, Best about being the best possible version of yourself. Several student s. Each kindergarten class at the elementary school participated,

someone who
small town A
important ev
understand a

## RUSSELLS POINT VILLAGE COUNCIL

# TREX liquor permit denied

**BY THE BELLEFONTAINE EXAMINER STAFF**

There will not be an additional establishment in Russells Point serving alcohol after village council denied a liquor permit transfer application Monday in a regular meeting.

For several weeks council negotiated with proposed restaurateur, Sari Silwani and his attorney, Scott Simon over an economic development transfer liquor permit, commonly referred to by a TREX acronym.

While considering the request, council requested information about the proposed establishment including hours of operation, seating capacity and planned food and drink options.

Neighboring residents around the 100 block of west Main Street in the area where the restaurant-bar was proposed had expressed some concerns about late nights and safety issues around parking.

Whether or not there would be adequate parking was also a

See PERMIT on Page 3

# Requ
# hour

**BY THE BELLEFON**

West Liber
regular meeti
hours for the
financial aud
Kindergart
students each
educational h
up any calam
Total kinde
instruction fo
Ohio Depa
educational ir
Total hour
for kindergart
5; and 109.57 f
A three-day
30, continger
A 50-minut
on the last day

See WL-SAL

## ule includes
## re



EXHIBIT 3



PARTNERS
Rick L. Brunner * ◦ ●
Patrick M. Quinn~

ASSOCIATE
Chelsey M. Kovach

OF COUNSEL
Steven M. Brown
Richard A. Slee

* Also admitted in PA
◦ Also admitted in DC
● Also admitted in NY
~ Also admitted in NM

# BRUNNER QUINN

Rick L. Brunner
35 North Fourth Street
Suite 200
Columbus, OH 43215

New York Office
20 West Third Street
Suite 2
Jamestown, NY 14701

(614) 241-5550, Ext. 226
(800) 776-3158, Toll-Free
(614) 241-5551, Fax
rlb@brunnerlaw.com

June 24, 2019

*Via Certified U.S. Mail & Electronic Mail*

The Honorable Robin Reames
Village of Russells Point
537 Miami Avenue
Russells Point, Ohio 43348
Email: mayor@russellspoint-oh.gov

The Honorable Kelly L. Huffman
618 High Avenue
Russells Point, Ohio 43348
Email: huffmank@russellspoint-oh.gov

The Honorable Joan Maxwell
155 East Wilgus Drive
Russells Point, Ohio 43348
Email: maxwellj@russellspoint-oh.gov

The Honorable David Wallace
251 Chase
P.O. Box 817
Russells Point, Ohio 43348

The Honorable John D. Huffman
618 High Avenue
Russells Point, Ohio 43348
Email: huffmanj@russellspoint-oh.gov

The Honorable Greg Liams
211 Clermont
P.O. Box 185
Russells Point, Ohio 43348

The Honorable Marie Hendel
451 East Main Street, Lot 23
P.O. Box 1309
Russells Point, Ohio 43348
Email: hendelm@russellspoint-oh.gov

The Village of Russells Point
433 State Route 708
Russells Point, Ohio 43348
Facsimile: (937) 843-9956

RE:    (i) *Sari K. Silwani, et al. v. The Honorable Robin Reames, Mayor, et al.*
       (proposed discrimination action in the U.S. District Court, Northern District of Ohio);
       (ii) *Sari K. Silwani, v. The Honorable Robin Reames, Mayor*
       (proposed mandamus action for Ohio Third Appellate District);
       (iii) Offer to meet and confer prior to filing proposed litigation; and
       (iii) Notice to preserve evidence, including, but not limited to, electronically stored information.

To the Honorable Ladies & Gentlemen:

June 24, 2019
Page 2 of 6

Enclosed herewith are the following items:

(1) Discrimination and Civil Rights litigation to be filed in the U.S. District Court, Northern District of Ohio; and

(2) Mandamus action to be filed in Ohio Third Appellate District.

This office has been retained to represent Sari K. Silwani and the Sari K. Silwani Trust with regard to the above-referenced matters. The purpose of this correspondence is to offer the opportunity to meet and confer regarding potential resolution prior to filing the enclosed proposed litigation.

**Please let us know if you are willing to meet and confer with us in the interest of resolving these issues before the enclosed lawsuits are filed. If we do not hear from you in the next 5 business days, litigation will ensue.** On the other hand, if you are willing to meet and confer, we will withhold filing the attached for a reasonable period while we progress toward resolution.

In the interim, we are very concerned about electronically stored information, including, but not limited to, the Auditor recordings of public and open meetings, as well as those meetings that were not open to the public which we believe may have been recorded. To that end, we are requiring that this documentation and the instrumentalities of the same be preserved as discussed in the following paragraphs:

### Preservation of Evidence

NOTICE TO PRINCIPALS IS NOTICE TO AGENTS. NOTICE TO AGENTS IS NOTICE TO PRINCIPALS.

#### DEMAND FOR PRESERVATION OF ELECTRONICALLY STORED INFORMATION

By this notice, we hereby demand that you preserve all documents, tangible things and electronically stored information ("ESI") potentially relevant to communications with and/or about any of the above referenced matters of litigation. As used in this document, "you" and "your" refers to you, the addressees, or anyone at any firm, office or agency that represents you or works on your behalf and he, she, it or their respective predecessors, successors, parents, subsidiaries, divisions or affiliates, and their respective officers, directors, agents, attorneys, accountants, employees, partners or other persons occupying similar positions or performing similar functions or staff of the same.

You should anticipate that much of the information subject to disclosure or responsive to discovery in this matter is stored on your current and former computer systems and other media and devices (including personal digital assistants, voice-messaging systems, online repositories and cell phones).

Electronically stored information (hereinafter "ESI") should be afforded the broadest possible definition and includes (by way of example and not as an exclusive list) potentially relevant information electronically, magnetically or optically stored as:

- Digital communications (e.g., e-mail, voice mail, instant messaging);
- Word processed documents (e.g., Word or WordPerfect documents and drafts);
- Spreadsheets and tables (e.g., Excel or Lotus 123 worksheets);
- Accounting Application Data (e.g., QuickBooks, Money, Peachtree data files);
- Image and Facsimile Files (e.g., .PDF, .TIFF, .JPG, .GIF images);
- Sound Recordings (e.g., .WAV and .MP3 files);
- Video and Animation (e.g., .AVI and .MOV files);
- Databases (e.g., Access, Oracle, SQL Server data, SAP, etc.);

- Contact and Relationship Management Data (e.g., Outlook, ACT!);
- Calendar and Diary Application Data (e.g., Outlook PST, Gmail, Lotus Notes, Yahoo, blog tools);
- Online Access Data (e.g., Temporary Internet Files, History, Cookies);
- Presentations (e.g., PowerPoint, Corel Presentations)
- Network Access and Server Activity Logs;
- Project Management Application Data;
- Computer Aided Design/Drawing Files; and,
- Back Up and Archival Files (e.g., tapes, Zip, .TAR, .GHO)

ESI resides not only in areas of electronic, magnetic and optical storage media reasonably accessible to you, but also in areas you may deem *not* reasonably accessible. You are obliged to *preserve* potentially relevant evidence from *both* these sources of ESI, even if you do not anticipate *producing* such ESI. The demand that you preserve both accessible and inaccessible ESI is reasonable and necessary. Pursuant to amendments to the Federal Rules of Civil Procedure that have been approved by the United States Supreme Court (eff. 12/1/06), you must identify all sources of ESI you decline to produce and demonstrate to the court why such sources are not reasonably accessible. For good cause shown, the court may then order production of the ESI, even if it finds that it is not reasonably accessible. Accordingly, even ESI that you deem reasonably inaccessible *must be preserved in the interim* so as not to deprive my clients of their right to secure the evidence or the Court of its right to adjudicate the issue.

### PRESERVATION REQUIRES IMMEDIATE INTERVENTION

You must act immediately to preserve potentially relevant ESI including January 1, 2016 through the date of this demand with an ongoing duty to preserve future relevant communication.

Adequate preservation of ESI requires more than simply refraining from efforts to destroy or dispose of such evidence. You must also intervene to prevent loss due to routine operations and employ proper techniques and protocols suited to protection of ESI. *Be advised that sources of ESI are altered and erased by continued use of your computers and other devices.* Booting a drive, examining its contents or running any application will irretrievably alter the evidence it contains and may constitute unlawful spoliation of evidence. Consequently, alteration and erasure may result from your failure to act diligently and responsibly to prevent loss or corruption of ESI. *Nothing in this demand for preservation of ESI should be understood to diminish your concurrent obligation to preserve documents, tangible things and other potentially relevant evidence.*

### SUSPENSION OF ROUTINE DESTRUCTION

You are directed to immediately initiate a litigation hold for potentially relevant ESI, documents and tangible things, and to act diligently and in good faith to secure and audit compliance with such litigation hold. You are further directed to immediately identify and modify or suspend features of your information systems and devices that, in routine operation, operate to cause the loss of potentially relevant ESI. Examples of such features and operations include:

- Purging the contents of e-mail repositories by age, capacity or other criteria;
- Using data or media wiping, disposal, erasure or encryption utilities or devices;
- Overwriting, erasing, destroying or discarding back up media;
- Re-assigning, re-imaging or disposing of systems, servers, devices or media;
- Running antivirus or other programs effecting wholesale metadata alteration;
- Releasing or purging online storage repositories;
- Using metadata stripper utilities;

June 24, 2019
Page 4 of 6

- Disabling server or IM logging; and,
- Executing drive or file defragmentation or compression programs.

### GUARD AGAINST DELETION

You should anticipate that your employees, officers or others may seek to hide, destroy or alter ESI and act to prevent or guard against such actions. Especially where company machines have been used for Internet access or personal communications, you should anticipate that users may seek to delete or destroy information they regard as personal, confidential or embarrassing and, in so doing, may also delete or destroy potentially relevant ESI. This concern is not one unique to you or your employees and officers. It's simply an event that occurs with such regularity in electronic discovery efforts that any custodian of ESI and their counsel are obliged to anticipate and guard against its occurrence.

### PRESERVATION BY IMAGING

You should take affirmative steps to prevent anyone with access to your data, systems and archives from seeking to modify, destroy or hide electronic evidence on network or local hard drives (such as by deleting or overwriting files, using data shredding and overwriting applications, defragmentation, re-imaging or replacing drives, encryption, compression, steganography or the like). With respect to local hard drives, one way to protect existing data on local hard drives is by the creation and authentication of a forensically qualified image of all sectors of the drive. Such a forensically qualified duplicate may also be called a bitstream image or clone of the drive. Be advised that a conventional back up of a hard drive is not a forensically qualified image because it only captures active, unlocked data files and fails to preserve forensically significant data that may exist in such areas as unallocated space, slack space and the swap file.

With respect to the hard drives and storage devices of each person likely to have information pertaining to the instant action on their computer hard drive(s), demand is made that you immediately obtain, authenticate and preserve forensically qualified images of the hard drives in any computer system (including portable and home computers) used by that person during the period from January 1, 2016 to present date, as well as recording and preserving the system time and date of each such computer. Once obtained, each such forensically qualified image should be labeled to identify the date of acquisition, the person or entity acquiring the image and the system and medium from which it was obtained. Each such image should be preserved without alteration.

### PRESERVATION IN NATIVE FORM

You should anticipate that certain ESI, including, but not limited to, spreadsheets and databases, will be sought in the form or forms in which it is ordinarily maintained. Accordingly, you should preserve ESI in such native forms, and you should not select methods to preserve ESI that remove or degrade the ability to search your ESI by electronic means or make it difficult or burdensome to access or use the information efficiently in the litigation. You should additionally refrain from actions that shift ESI from reasonably accessible media and forms to less accessible media and forms if the effect of such actions is to make such ESI not reasonably accessible.

### METADATA

You should further anticipate the need to disclose and produce system and application metadata and act to preserve it. System metadata is information describing the history and characteristics of other ESI. This information is typically associated with tracking or managing an electronic file and often includes data reflecting a file's name, size, custodian, location and dates of creation and last modification or access. Application metadata is information automatically included or embedded in electronic files but which may not be apparent to a user, including deleted content, draft language, commentary, collaboration and distribution data and dates of creation and printing. Be advised that metadata may be overwritten or corrupted by careless handling or improper steps to preserve ESI. For electronic mail, metadata includes all header routing data and Base 64 encoded attachment data, in addition to the To, From, Subject, Received Date, CC and BCC fields.

## SERVERS

With respect to servers like those used to manage electronic mail (e.g., Microsoft Exchange, Lotus Domino) or network storage (often called a user's "network share"), the complete contents of each user's network share and e-mail account should be preserved. There are several ways to preserve the contents of a server depending upon, e.g., its RAID configuration and whether it can be downed or must be online 24/7. If you question whether the preservation method you pursue is one that we will accept as sufficient, please call to discuss it.

## HOME SYSTEMS, LAPTOPS, ONLINE ACCOUNTS AND OTHER ESI VENUES

Though we expect that you will act swiftly to preserve data on office workstations and servers, you should also determine if any home or portable systems may contain potentially relevant data. To the extent that officers, board members or employees have sent or received potentially relevant e-mails or created or reviewed potentially relevant documents away from the office, you must preserve the contents of systems, devices and media used for these purposes (including not only potentially relevant data from portable and home computers, but also from portable thumb drives, CD-R disks and the user's PDA, smart phone, voice mailbox or other forms of ESI storage). Similarly, if employees, officers or board members used online or browser-based email accounts or services (such as AOL, Gmail, Yahoo Mail or the like) to send or receive potentially relevant messages and attachments, the contents of these account mailboxes (including Sent, Deleted and Archived Message folders) should be preserved.

## ANCILLARY PRESERVATION

You must preserve documents and other tangible items that may be required to access, interpret or search potentially relevant ESI, including logs, control sheets, specifications, indices, naming protocols, file lists, network diagrams, flow charts, instruction sheets, data entry forms, abbreviation keys, user ID and password rosters or the like. You must preserve any passwords, keys or other authenticators required to access encrypted files or run applications, along with the installation disks, user manuals and license keys for applications required to access the ESI. You must preserve any cabling, drivers and hardware, other than a standard 3.5" floppy disk drive or standard CD or DVD optical disk drive, if needed to access or interpret media on which ESI is stored. This includes tape drives, bar code readers, Zip drives and other legacy or proprietary devices.

## PAPER PRESERVATION OF ESI IS INADEQUATE

June 24, 2019
Page **6** of **6**

*As hard copies do not preserve electronic searchability or metadata, they are not an adequate substitute for, or cumulative of, electronically stored versions.* If information exists in both electronic and paper forms, you should preserve both forms.

### AGENTS, ATTORNEYS AND THIRD PARTIES

Your preservation obligation extends beyond ESI in your care, possession or custody and includes ESI in the custody of others that is subject to your direction or control. Accordingly, you must notify any current or former agent, attorney, employee, custodian or contractor in possession of potentially relevant ESI to preserve such ESI to the full extent of your obligation to do so, and you must take reasonable steps to secure their compliance.

### PRESERVATION PROTOCOLS

We are desirous of working with you to agree upon an acceptable protocol for forensically sound preservation and can supply a suitable protocol if you will furnish an inventory of the systems and media to be preserved. Also, if you will promptly disclose the preservation protocol you intend to employ, perhaps we can identify any points of disagreement and resolve them. A successful and compliant ESI preservation effort requires expertise. If you do not currently have such expertise at your disposal, we urge you to engage the services of an expert in electronic evidence and computer forensics. Perhaps our respective experts can work cooperatively to secure a balance between evidence preservation and burden that's fair to both sides and acceptable to the Court.

### DO NOT DELAY PRESERVATION

I am available to discuss reasonable preservation steps; however, *you should not defer preservation steps pending such discussions if ESI may be lost or corrupted as a consequence of delay.* Should your failure to preserve potentially relevant evidence result in the corruption, loss or delay in production of evidence to which we are entitled, such failure would constitute spoliation of evidence, and we will not hesitate to seek sanctions.

### CONFIRMATION OF COMPLIANCE

Please confirm by **Friday, July 5, 2019** that you have taken the steps outlined in this letter to preserve ESI and tangible documents potentially relevant to this action. If you have not undertaken the steps outlined above, or have taken other actions, please describe what you have done to preserve potentially relevant evidence.

In conclusion, all communication regarding this matter should be directed through this office. Should you have any questions or concerns, please do not hesitate to contact this office.

Your prompt attention to this matter is required to avoid the cost and inconvenience of immediate multi-state and multi-jurisdictional legal and administrative action.

Very Truly Yours,

Rick L. Brunner, Esq.
RLB/jab
Encl. (2)

5039 L – Council 062419

ENCLOSURE 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Sari K. Silwani, Individually )
10009 Township Road 253 )
Lakeview, Ohio 43331 ) Case No.
)
)
  and ) Judge
)
Sari K. Silwani, Trustee of the Sari K. ) Magistrate Judge
Silwani Trust, dated January 15, 2002 )
10009 Township Road 253 ) (Demand for Jury Trial)
Lakeview, Ohio 43331 )
)
)
  Plaintiffs, )
)
  v. )
)
The Honorable Robin Reames, Mayor & )
In Her Individual Capacity )
Village of Russells Point )
537 Miami Avenue )
Russells Point, Ohio 43348 )
)
  and )
)
The Honorable John D. Huffman )
Member of Counsel & In )
His Individual Capacity )
618 High Avenue )
Russells Point, Ohio 43348 )
)
  and )
)
The Honorable Kelly L. Huffman )
Member of Counsel & In )
Her Individual Capacity )
618 High Avenue )
Russells Point, Ohio 43348 )
)
  and )
)
The Honorable Greg Iams )
Member of Counsel & In )

1

His Individual Capacity )
211 Clermont )
PO Box 185 )
Russells Point, Ohio 43348 )
)
    and )
)
The Honorable Joan Maxwell )
Member of Counsel & In )
His Individual Capacity )
155 East Wilgus Drive )
Russells Point, Ohio 43348 )
)
    and )
)
The Honorable Marie Hendel )
Member of Counsel & In )
Her Individual Capacity )
451 East Main Street, Lot 23 )
PO Box 1309 )
Russells Point, Ohio 43348 )
)
    and )
)
The Honorable David Wallace )
Member of Counsel & In )
His Individual Capacity )
251 Chase )
PO Box 817 )
Russells Point, Ohio 43348 )
)
    and )
)
Village of Russells Point )
c/o Brian Zets, Village Counsel )
Isaac Wiles )
2 Miranova Place, Suite 700 )
Columbus, Ohio 43215-5098 )
)
)
    Defendants. )

## COMPLAINT

    Now comes the Plaintiffs, and for their complaint against the Defendants, state as follows:

**Introduction and Statement of Jurisdiction:**

1. This is an action for declaratory judgment and related relief, injunctive relief and damages to redress the deprivation and denial of certain civil rights secured to the Plaintiffs by 42 U.S.C.A § 1983, and the Fifth and Fourteenth Amendments of the United States Constitution, and Article I, §16 of the Ohio Constitution.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

**Parties:**

3. Plaintiff Sari K. Silwani is an individual residing in Logan County, Ohio of Semitic ethnicity who is a non-Hebrew citizen of the State of Israel born and raised in Islamic religious traditions.

4. Plaintiff Sari K. Silwani also serves as the sole Trustee of the Sari K. Silwani Trust, dated January 15, 2002 (hereinafter "Plaintiff Trust").

5. The Honorable Robin Reames is the duly elected Mayor of the Village of Russells Point, Ohio and is named in her individual and official capacities.

6. The Honorable John D. Huffman and Honorable Kelly F. Huffman, believed to be husband and wife, are also elected members of the Village Council of Russells Point, Ohio (hereinafter "Village Council") and have been named in their respective official and individual capacities.

7. The Honorable Greg Iams is a duly elected member of the Village Council and is named in his official and individual capacities.

8. The Honorable Joan Maxwell is an appointed member of the Village Council and is named in her official and individual capacities.

9. The Honorable Marie Hendel a duly elected member of the Village Council and is named in her official and individual capacities.

10. The Honorable David Wallace a duly elected member of the Village Council and is named in his official and individual capacities.

**Factual Background:**

11. Plaintiffs purchased properties in or around Russell Point, Ohio.

12. On or about October 25, 2018, the Plaintiff Trust purchased the property at 184 West Main Street, Russells Point, Ohio 43438, which is depicted in the photograph attached hereto and incorporated herein as **Exhibit 1** with cars parked around it.

   12.1. A photograph depicting a more expansive view of the surrounding area is attached hereto and incorporated herein as **Exhibit 1.1**.

13. The property at 184 West Main Street, Russells Point, Ohio 43438 (hereinafter "West Main Property") has always been commercial property and has never been a residence.

14. The West Main Property is located on Main Street in a commercial district in the Village of Russells Point, Ohio.

15. Main Street in the Village of Russells Point, Ohio has various other commercial properties and enterprises, including a Rite Aid chain drug store at 120 Main Street, Russells Point, Ohio 43438, (hereinafter "Rite Aid") which is also depicted in Exhibit 1.1

16. There is a tavern currently operating on Main Street in the Village of Russells Point.

17. There is a coffee shop currently operating on Main Street in the Village of Russells Point.

18. There are insurance agents and agencies currently operating on Main Street in the Village of Russells Point.

19. Plaintiffs proposed to develop the West Main Property into a restaurant and food serving establishment.

20. As a part of the development of the West Main Property, Plaintiffs applied for and obtained a TREX liquor permit, which was available for transfer to that location.

21. As a part of the TREX process, the Village Council received an inquiry from Ohio Department of Liquor Control as to whether there was any objection to the transfer by the Village of Russells Point.

22. On or before April 1, 2019, Plaintiffs, along with counsel, appeared before the Village Council to seek its approval for the TREX transfer.

23. If the Village Council objected to or did not approve of it, the Ohio Department of Liquor Control would not permit transfer of the permit to the West Main Property.

24. On April 1, 2019, the Village Council, with the participation and leadership of the mayor of Russells Point, Robin Reames, (hereinafter the "Mayor" or "Reames") decided to "table" discussions of transfer of the permit to the West Main Property.

25. The Mayor and the Village Council then began a series of negotiations with the Plaintiffs outside of public meetings.

26. As reported in an article in the newspaper, a copy of which is attached hereto and incorporated herein as **Exhibit 2**, Village Council and the Mayor requested information about the proposed establishment at the West Main Property, including hours of operation, seating capacity, and menu plans.

27. Plaintiff submitted the menu and seating arrangements for the proposed establishment at the West Main Property.

28. Plaintiffs own two (2) of the parcels between Plaintiff's proposed operations at the West Main Property and the Rite Aid, and offered to develop them into parking lots and loading locations.

29. Plaintiffs agreed to limit the hours of the proposed operations at the West Main Property to one hour later than the Rite Aid and for less hours than the drug store operates.

30. The Defendants' actual concerns and biases were expressed to Plaintiff in the non-public meetings by the mayor on behalf of the other parties by comments such as: "It is not you we have a problem with Sari, its more with **those** that may follow you or come after you."

31. In another expression of the Defendants' actual concerns and biases, the Mayor made a statement to the effect: "What would happen if you walked out of this meeting and were hit by a car? We do not know **your people or their intentions**."

32. It became apparent to Plaintiffs that the real issues, concerns, and biases of the Defendants are with Plaintiffs Semitic ethnicity, his Israeli citizenship, and the religion into which he was born.

33. The putative issues with deliveries and traffic are not genuine, by reason of the Rite Aid drug store, and other business operations on Main Street in the Village of Russells Point, Ohio, including taverns operating there.

34. Just prior to April 15, 2019, Plaintiffs were advised by Defendants not to appear before Village Council with legal counsel or his application for approval would be denied merely for having legal counsel appear.

35. Although and despite the fact that Village Council had tabled the resolution on April 1, 2019 for thirty (30) days, on April 15, 2019, the matter was "un-tabled," raised for discussion, and put to a vote.

36. Of those Village Council members then voting, several had conflicts of interest, including, but not limited to, ties to competing businesses enterprises.

37. The matter was raised for active discussion on April 15, 2019 without prior written or any advanced notice, without sufficient publication, and a vote was taken denying the application.

38. The vote taken on April 15, 2019 and the result of the vote by the Village Council was in large part based upon Plaintiffs' Semitic ethnicity, his Israeli citizenship, and the religion into which he was born.

39. No other applicants or businesses located on Main Street have been similarly treated because the owners and principals thereof are not of Semitic ethnicity, Israeli citizenship, and were not born into the religion in which Plaintiff was born.

40. Another example of Defendants disparate treatment of Plaintiffs occurred in April of 2019, when the Mayor ordered, participated in, and conducted by Village agents an investigation of alleged fraud charges in relation to a dispute with a tenant of a residential property owned by Plaintiffs.

41. At that time, the Mayor demanded, without any authority to do so, a full confession of Plaintiffs' fraud.

42. The Village of Russells Point, Ohio and particularly, the Mayor and law enforcement agents of the Village, have no legal jurisdiction over civil disputes between landlords and tenants.

43. On information and belief, the Mayor has no authority to investigate allegations of fraud or misrepresentation in a civil dispute.

44. On information and belief, the Mayor has no jurisdiction or authority over issues of civil fraud, or to use the instrumentalities of law enforcement for such purposes.

45. The putative fraud investigation in April of 2019 and the actions surrounding the same are further evidence of the bias and lack of due process of law afforded the Plaintiffs in dealings with the public officials of the Village of Russells Point, Ohio.

46. At all times relevant, Defendants maintained a wide spread custom, policy or practice of harassment and discrimination based upon national origin, religion, and ethnicity, that is so permanent, pervasive, and well-settled as to constitute a "custom and usage" with a force or effective law.

47. This discriminatory custom policy and practice referred to in the paragraphs preceding, was the proximate cause of Plaintiffs' injuries, including, but not limited to, inability to develop Plaintiffs' properties as commercial properties similar to, not substantially different from, and among other commercial properties on Main Street and otherwise in the Village of Russells Point, Ohio.

48. Defendants are aware of the discriminatory actions of which the Plaintiffs' complain, but acted with deliberate indifference to the conduct and did nothing to address it.

49. Through their actions, polices, and conduct directed towards the Plaintiffs, both collectively and individually, Defendants deprived Plaintiffs of their constitutional right to equal protection of the law, in violation of 42 U.S.C.A. § 1983, the Fifth and Fourteenth Amendments of the United States Constitution, and Article I, §16 of the Ohio Constitution.

**Count One: Declaratory Judgment**

50. Paragraphs 1 through 49 above are re-alleged and incorporated by reference as if fully rewritten herein.

51. The averments of this Count One constitute a claim for declaratory judgment pursuant to 28 U.S.C. §§ 2201, *et seq.*, Fed. R. Civ. P. 57, and Ohio Rev. Code 2721.01, *et seq.*

52. There is a dispute and controversy between Plaintiffs and Defendants as to the rights, status, and other relationships between them, including Defendants' treatment of the Plaintiffs in the ordinary course.

53. Plaintiffs pray for a judgment declaring as follows:

    53.1 That Defendants have treated and/or dealt with the Plaintiffs differently than they have acted or treated any other business in the Village of Russells Point, Ohio based upon Plaintiffs Semitic ethnicity, Israeli citizenship, and the religion into which he was born, Islam;

    53.2 That Defendants' purported concerns with respect to parking and deliveries for the proposed West Main Property are rendered ludicrous by the fact that a large chain drug store, Rite Aid, with operating hours 12-13 hours per day is located at 120 West Main Street;

    53.3 That Defendants failure, inability, and refusal to allow Plaintiffs to use vacant lots adjacent to the West Main Property for parking and delivery demonstrates that there was no reason or purpose for denying approval for transfer of the liquor permit other than Plaintiffs' Semitic ethnicity, Israeli citizenship, and the religion into which he was born, Islam;

53.4    That the Village of Russells Point, Ohio has no legal authority to investigate issues between landlords and tenants, especially with respect to issues of fraud;

53.5    That the Village of Russells Point, Ohio has no ability to use its local law enforcement to investigate civil disputes between landlords and tenants;

53.6    That the fact that the city of Village of Russells Point, Ohio investigated disputes between Plaintiffs and residential tenants demonstrates a bias and malice towards the Plaintiffs;

53.7    That the Defendants actions as described above, denied Plaintiffs due course of law under Article I, §16 of the Ohio Constitution;

53.8    That the actions of the Defendants, jointly and severally, in connection with Village of Russells Point, Ohio deprived Plaintiffs of their constitutional rights to equal protection of the laws in violation of 42 U.S.C. § 1983, and the Fifth and Fourteenth Amendments of the United States Constitution;

53.9    That any of the Defendants who had conflicts of interest based upon their employment, or economic interests with respect to Plaintiffs' proposed actions should have abstained from any consideration of the Plaintiffs' matters;

53.10   That Defendants advising Plaintiffs to not appear with legal counsel deprived Plaintiffs of due process of law under the Ohio Constitution and Plaintiffs' constitutional rights of equal protection of the law, in violation of 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments of the United States Constitution;

53.11   That the actions of the Defendants of tabling and then moving forward with consideration of Plaintiffs' proposal in less than the 30 days previously indicated, and the other actions described in this complaint, denied Plaintiffs due course of law under the Ohio Constitution, Article I, §16 and constitute violations of 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments of the United States Constitution;

53.12   That the Defendants, and especially members of the Village Council, are a public body, as defined by Ohio Rev. Code § 121.22(B)(1).

53.13   That Defendants violated the Ohio Open Meetings Act, by the discussions held with the Plaintiffs not in public meetings and statements made therein, like those discussed in paragraphs 30 and 31 of this complaint;

53.14   That there is no exception, defense, justification, or excuse for any violations of the Ohio Open Meetings Act by the Defendants;

53.15   That by reason of Defendants' violations of the Ohio Open Meetings Act, Plaintiffs are entitled to the remedies set forth in Ohio Rev. Code § 121.22(B)(1);

53.16   That the Defendants have exceeded their statutory authority, have personal liability for the damages and attorney's fees to be awarded to the Plaintiffs hereunder;

53.17   Or in the alternative, that this Court declare the respective rights and liabilities of the parties.

**Count Two:**

54.   The averments of paragraphs 1 through 53.17 above are incorporated by reference as if fully rewritten herein.

11

55. The declaratory judgments prayed for in paragraphs 1 through 53.17 above are incorporated herein by reference as averments for the purposes of notice pleading.

56. Plaintiffs are entitled to further relief pursuant to 28 U.S.C. § 2201, et seq., as follows:

    56.1  For the entry against Defendants, jointly and severally, and in their individual and official capacities, pursuant to 28 U.S.C. § 1983 of all damages suffered by the Plaintiffs equal to the amount awarded by the jury at trial and not less than $100,000, plus all attorney's fees in connection with pursing the cause of action associated with these claims;

    56.2  For the imposition of a constructive trust in all of the personal assets of the Defendants, personally, until they can provide adequate insurance coverage or otherwise bond off and pay the claims that are their respective personal responsibilities;

    56.3  For such further relief as the Court deems necessary, proper, and appropriate to carry out this Court's declarations pursuant to Count One above.

**Count Three: Further Equitable Relief**

57. The averments of paragraphs 1 through 56.3 above are incorporated by reference as if fully rewritten herein.

58. Plaintiff has no adequate remedy at law.

59. Plaintiffs require further relief in equity or to carry out this Court's declarations pursuant to paragraphs 53.1 through 53.17 above.

**Count Four: § 1983 Discrimination**

60. The averments of paragraphs 1 through 59 above are incorporated by reference as if fully rewritten herein.

61. The actions of the Defendants, jointly and severally, constitute denial to the Plaintiffs of due course of law under the Ohio Constitution at Article I, §16, and equal protection of the law under the Fifth and Fourteenth Amendments of the United States Constitution, and thus violate 28 U.S.C. § 1983.

62. By reason of the Defendants' denial of due process of law and equal protection of the law to Plaintiffs, Plaintiffs have been damaged equal to the amount awarded by the jury at trial and not less than $100,000.

63. By reason of the Defendants violations of 28 U.S.C. § 1983, Plaintiffs are entitled to recover the cost of this litigation, including, but not limited to, their attorney's fees in connection with the same.

**Count Five: Ohio Open Meetings Act**

64. The averments of paragraphs 1 through 63 above are incorporated by reference as if fully rewritten herein.

65. Defendants have violated Ohio's Open Meetings Act in connection with the proceedings regarding the Plaintiffs.

66. By reason of the violations of Ohio Open Meetings Act by the Defendants, Plaintiffs are entitled to the remedies set forth in Ohio Rev. Code § 121.22(B)(1).

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

A. Regarding Count One, for the declaratory judgments prayed for in paragraphs 53.1 through 53.17 above;

B. Regarding Count Two, or Count Three, in the alternative, pursuant to 28 U.S.C. § 2202 and/or in equity, for such further relief as is necessary, proper, and

appropriate to carry out this Court's declarations, as prayed for in Count One against all Defendants found liable, including, but not limited to, the relief prayed for in paragraphs 56.1 through 56.3, including damages in an amount to be determined at trial; for all of Defendants' conduct found to be motivated by malice and/or bad intent for the purposes of awarding punitive or exemplary damages in an amount equal to 3 to 10 times the amounts of compensatory damages;

C.  Regarding Count Four, for an award of compensatory damages against the Defendants, jointly and severally, and also in their individual and official capacities, where appropriate, plus the award of Plaintiffs' attorney fees equal to the amount awarded by the jury at trial and not less than $100,000;

D.  Regarding Count Five, for the remedies set forth in Ohio Rev. Code § 121.22(I)(2), a civil forfeiture of $500.00 to the Plaintiffs, for an injunction compelling the Defendants to comply with the provisions of the Ohio Open Meetings Act, and an award of Plaintiff's attorney fees pursuant to Ohio Rev. Code § 121.22(I)(2); and

E.  Any and all such other relief as the Court may find just and proper.

Respectfully Submitted,

/s/ Rick L. Brunner
Rick L. Brunner          (0012998)
Email: rlb@brunnerlaw.com
Patrick M. Quinn         (0081692)
Email: pmq@brunnerlaw.com
BRUNNER QUINN
35 N. Fourth St., Ste. 200
Columbus, Ohio 43215
Telephone: (614) 241-5550

14

Facsimile: (614) 241-5551
*Attorneys for Plaintiffs*

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiffs hereby demand a trial by jury of not less than eight (8) persons on all issues so triable.

/s/ Rick L. Brunner
Rick L. Brunner          (0012998)

EXHIBIT 1

GIS



EXHIBIT 1.1



EXHIBIT 2

your a...
m Tuesday in the high school auditorium. The concert was titled, Best
about being the best possible version of yourself. Several student
s. Each kindergarten class at the elementary school participated,

## RUSSELLS POINT VILLAGE COUNCIL

# TREX liquor permit denied

**BY THE BELLEFONTAINE EXAMINER STAFF**

There will not be an additional establishment in Russells Point serving alcohol after village council denied a liquor permit transfer application Monday in a regular meeting.

For several weeks council negotiated with proposed restaurateur, Sari Silwani and his attorney, Scott Simon over an economic development transfer liquor permit, commonly referred to by a TREX acronym.

While considering the request, council requested information about the proposed establishment including hours of operation, seating capacity and planned food and drink options.

Neighboring residents around the 100 block of west Main Street in the area where the restaurant-bar was proposed had expressed some concerns about late nights and safety issues around parking.

Whether or not there would be adequate parking was also a

See PERMIT on Page 3

someone wh...
small town A...
important ev...
understand a...

## Requ hour

BY THE BELLEFO

West Libe
regular meet
hours for the
financial aud

Kindergar
students eac
educational
up any calan

Total kind
instruction f

Ohio Dep
educational

Total hou
for kindergar
5; and 109.57

A three-da
30, continger

A 50-minu
on the last da

See WL-SA

le includes

re



ENCLOSURE 2

IN THE COURT OF APPEALS FOR LOGAN COUNTY
THIRD APPELLATE DISTRICT
ORIGINAL JURISDICTION

| | |
|---|---|
| State of Ohio ex rel. ) | Case No. |
| Sari K. Silwani ) | |
| 10009 Township Road 253 ) | Original Action in Mandamus |
| Lakeview, Ohio 43331 ) | |
| ) | |
| and ) | |
| ) | |
| State of Ohio ex rel. ) | |
| Sari K. Silwani, As Trustee of the Sari K. ) | |
| Silwani Trust dated January 15, 2002 ) | |
| 10009 Township Road 253 ) | |
| Lakeview, Ohio 43331 ) | |
| ) | |
| Relators ) | |
| ) | |
| v. ) | |
| ) | |
| Village of Russells Point ) | |
| c/o The Honorable Robin Reames, Mayor ) | |
| 537 Miami Avenue ) | |
| Russells Point, Ohio 43348 ) | |
| ) | |
| Also Serve: ) | |
| Brian Zets, Village Counsel ) | |
| Isaac Wiles ) | |
| 2 Miranova Place, Suite 700 ) | |
| Columbus, Ohio 43215-5098 ) | |
| | |
| Respondents. | |

## VERIFIED COMPLAINT FOR WRIT OF MANDAMUS

Now comes the Relators and for their Verified Complaint against the

Respondents state as follows:

Introduction and Statement of Jurisdiction:

1. The Village of Russells Point has engaged in a regulatory taking of commercially-zoned real estate owned by Relators, but has neither offered compensation for its taking, nor has it commenced appropriation proceedings as required by the United States and Ohio Constitutions. As such, Relators bring this action for a writ of mandamus compelling the Village to institute appropriation proceedings to provide for just compensation owed to Relators as a result of the Village's taking.

2. This Court has jurisdiction over this action pursuant to the Ohio Constitution, Article IV, Section 3(B)(1)(b) and Ohio Rev. Code 2731.02. Venue is proper in this Court pursuant to the provisions of Civ. R. 3(B).

Parties:

3. Relator Sari K. Silwani is an individual residing in Logan County, Ohio who is of Semitic ethnicity, a non-Hebrew citizen of the State of Israel and was born into and raised in Islamic religious traditions. Mr. Silwani also serves as the sole Trustee of the Relator trust.

4. Respondent is the Village of Russells Point, a municipal corporation located in Logan County, Ohio.

Factual Background:

5. Relators began to purchase properties in or around Russell Point, Ohio.

6. On or about October 25, 2018, the Relator Trust purchased the property at 184 W. Main Street, Russells Point, Ohio 43438 and which is depicted in the

photograph attached hereto and incorporated herein as Exhibit **1**, with cars parked around it.

12.1.  A more expansive view of the surrounding area being attached hereto and incorporated herein as Exhibit **1.1**.

7.  The property the property at 184 W. Main Street, Russells Point, Ohio 43438 and depicted in Exhibits 1 and 1.1 has always been commercial property and has never been a residence.

8.  The property at 184 W. Main Street, Russells Point, Ohio 43438 and depicted in Exhibits 1 and 1.1 is located on Main Street in a commercial district in the Village of Russells Point.

9.  Main Street in the Village of Russells Point, Ohio has various other commercial properties and enterprises, including Rite Aid chain drug store at 120 Main Street and which is depicted on Exhibit 1.1

10.  There is also tavern currently operating on Main Street in the Village of Russells Point, Ohio.

11.  There is a coffee shop currently operating on Main Street in the Village of Russells Point, Ohio.

12.  There are insurance agents and agencies currently operating on Main Street in the Village of Russells Point, Ohio.

13.  Relators proposed to develop the property located at 184 W. Main Street into a restaurant and food serving establishment.

14. As a part of development of 184 W. Main Street, Relators applied for and obtained a TREX liquor permit, which was available for transfer to that location.

15. As a part of the TREX process, the Village Council of the Village of Russells Point Ohio received an inquiry from Ohio Department of Liquor Control as to whether there was any objection to the transfer by the Village of Russells Point Ohio.

16. Relators along with counsel appeared before the Village Council of the Village of Russells Point Ohio on or before April 1, 2019 to seek its approval for the TREX transfer.

17. If the Village Council of the Village of Russells Point Ohio does not or did not approve or stated any objection, the Ohio Department of Liquor Control would not permit transfer of the permit to 184 W. Main Street, Russells Point, Ohio 43438.

18. On April 1, 2019, the Village Council with the participation and leadership of the Mayor, decided to "table" discussions of transfer of the permit to 184 W. Main Street, Russells Point, Ohio 43438 .

19. The mayor and the Village counsel then began a series of negotiations with the Relators outside of public meetings.

20. As reported in the newspaper, a copy of which is attached hereto and incorporated herein as Exhibit 2, Council and the Mayor requested information about the proposed establishment at 184 W. Main Stree,

including hours of operation, seating capacity and planned food and drink options.

21. Relator submitted the menu and seating arraignments for the proposed establishment at 184 W. Main Street.

22. Relators own two (2) of the parcels between the proposed operations at 184 W. Main Street, the drug store at 120 W. Main Street, and offered to develop them into parking lots and loading locations.

23. Relators agreed to limit operations to one hour later than the drug store operated at 120 W. Main Street and less hours than the drug store operates.

24. The Repsondent's actual concerns and biases were expressed to Relator in the non-public meetings by the mayor on behalf of the other parties by comments such as: "It is not you we have a problem with Sari, its more with *those* that may follow you or come after you."

25. Another expression of the Respondent's actual concerns and biases were expressed by the Mayor by statement to the effect; "what would happen if you walked out of this meeting an were hit by a car, we do not know your people or their intentions."

26. It became apparent to Relators that the real issues and actual concerns and biases of the Village and its officials are with Relators' sematic ethnicity, his Israeli citizenship, and the religion into which he was born.

27. The putative issues with deliveries and traffic are not genuine by reason the drug store, and other business operations on Main Street in the Village of Russells Point Ohio, including taverns operating there.

28. Just prior to April 15, 2019, Relators were advised by Village officials not to appear before Village Council with legal counsel or his application for approval would be denied merely for having legal counsel appear.

29. Although and despite the Village Council had tabled the resolution on April 1, 2019 for thirty (30) days, on April 15, 2019, the matter was "un-tabled" and brought up for discussion and put to a vote.

30. Of those Council members than voting, several had conflicts of interest, including, but not limited to, ties to competing businesses enterprises.

31. The matter was brought back up for active discussion on April 15, 2019 without prior written notice, sufficient pubication or advanced notice of that action, and a vote was taken to deny the same.

32. The vote taken on April 15, 2019 and the result of the vote by the Village council was in large part based upon Relators' sematic ethnicity, his Israeli citizenship, and the religion to which he was born into.

33. No other applicants or businesses located on Main Street have been similarly treated because the owners and principals thereof do not have Relators' sematic ethnicity, his Israeli citizenship, and the religion to which he was born into.

34. The actions of the Village as described herein have operated to deprive Relators of all or at least some of the economic value of the Main Street Property.

35. Insofar as the Village has expressly tethered its decision-making to Relators' ethnic and religious background, it is unclear that there is any form of business or commercial operation that would pass muster with the Village so long as Relators are the owners of the real estate.

36. At a minimum, the actions of the Village have, in whole or at least in part, deprived Relators of their reasonable expectations in purchasing the Main Street property for use as a restaurant.

37. The actions of the Village as described herein are not a part of an officially-enacted program of land use regulation. Instead, they are a part of an *ad hoc* series of decisions directed solely to Relators and Relators' ownership of the Main Street property, and only on account of Relators' ethnic and religious background.

**Count One: Writ of Mandamus**

38. The averments of paragraphs 1 through 37 above are incorporated by reference as if fully rewritten herein.

39. The acts and omissions of the Village constitute a taking, in whole or in part, of Relators' property without just (or any) compensation.

40. By virtue of taking Relators' property, in whole or in part, Relators have a clear legal right to compel the Village to begin appropriation proceedings according to law.

41. By virtue of taking Relators' property, in whole or in part, the Village has a clear legal duty to institute appropriation proceedings.

42. Relators are without an adequate remedy in the ordinary course of law, and a writ of mandamus is the appropriate remedy to compel a public authority such as the Village to commence appropriation proceedings following an involuntary taking of private property.

WHEREFORE, Relators pray for judgment against Respondent as follows:

A. In regards to Count One, for a Writ of Mandamus compelling Respondent, the Village of Russells Point, to begin and to conclude appropriation proceedings with respect to the Main Street property described herein; and

B. Any and all such other relief as the Court may find just and proper.

Respectfully Submitted,

_____

Rick L. Brunner        (0012998)
Patrick M. Quinn       (0081692)
BRUNNER QUINN
35 N. Fourth St., Ste. 200
Columbus, Ohio 43215
Telephone: (614) 241-5550
Facsimile: (614) 241-5551
Email:      rlb@brunnerlaw.com
            pmq@brunnerlaw.com
*Attorneys for Relators*

## VERIFICIATION

State of Ohio              )
                                     )   ss:
County of Franklin     )

Sari K. Silwani, being first duly cautioned and sworn, deposes and states as follows:

1. I make this Verification in both my capacity as an individual Relator in this action, as well as in my capacity as the sole Trustee of the Sari K. Silwani Trust dated January 15, 2002, which is also a Relator in this action.

2. I have reviewed the Verified Complaint for Writ of Mandamus, and based upon my own personal knowledge, I state that the matters alleged therein are true.

FURTHER AFFIANT SAYETH NAUGHT

_____
Sari K. Silwani, Individually and as
Trustee of the Sari K. Silwani Trust
Dated January 15, 2002

Sworn to and subscribed in my presence this _____ day of July, 2019

_____
Notary Public

EXHIBIT 1

GIS



Print

EXHIBIT 1.1



EXHIBIT 2

*Tuesday in the high school auditorium. The concert was titled, Best about being the best possible version of yourself. Several student s. Each kindergarten class at the elementary school participated,*

## RUSSELLS POINT VILLAGE COUNCIL

# TREX liquor permit denied

### BY THE BELLEFONTAINE EXAMINER STAFF

There will not be an additional establishment in Russells Point serving alcohol after village council denied a liquor permit transfer application Monday in a regular meeting.

For several weeks council negotiated with proposed restaurateur, Sari Silwani and his attorney, Scott Simon over an economic development transfer liquor permit, commonly referred to by a TREX acronym.

While considering the request, council requested information about the proposed establishment including hours of operation, seating capacity and planned food and drink options.

Neighboring residents around the 100 block of west Main Street in the area where the restaurant/bar was proposed had expressed some concerns about late nights and safety issues around parking.

Whether or not there would be adequate parking was also a

See PERMIT on Page 3



le includes

re



EXHIBIT 4



Jenny Blankenship <jab@brunnerlaw.com>

## Follow up to our telephone conversation on Tues June 25, 2019 in response to RLB's email dated Tue, Jun 25, 2019 at 1:01 PM EDST and Re: Follow up to RLB's letter transmitted via email dated Mon, Jun 24, 2019 at 1:18 PM EDST and voice mail message to Mayor Robin Reames and Re (i) Sari K. Silwani, et al. v. The Honorable Robin Reames, Mayor, et al. (proposed discrimination action in the U.S. District Court, Northern District of Ohio); (ii) Sari K. Silwani, v. The Honorable Robin Reames, Mayor (proposed mandamus action for Ohio Third Appellate District); (iii) Offer to meet and confer prior to filing proposed litigation; and (iii) Notice to preserve evidence, including, but not limited to, electronically stored information./(BQ #5039)

**Rick Brunner** <rlb@brunnerlaw.com>                                       Thu, Jun 27, 2019 at 6:41 PM
To: bzets@isaacwiles.com
Cc: Patrick Quinn <pmq@brunnerlaw.com>, Chelsey Kovach <cmk@brunnerlaw.com>, Jennifer Blankenship
<jab@brunnerlaw.com>

Follow up to our telephone conversation on Tues June 25, 2019 in response to  RLB's email dated Tue, Jun 25,

2019 at 1:01 PM EDST  and Re: Follow up to RLB's letter transmitted via email dated Mon, Jun 24, 2019 at 1:18

PM EDST  and voice mail message to Mayor Robin Reames and Re  (i) Sari K. Silwani, et al. v. The Honorable

Robin Reames, Mayor, et al. (proposed discrimination action in the U.S. District Court, Northern District of Ohio);

(ii) Sari K. Silwani, v. The Honorable Robin Reames, Mayor (proposed mandamus action for Ohio Third Appellate

District); (iii) Offer to meet and confer prior to filing proposed litigation; and (iii) Notice to preserve evidence,

including, but not limited to, electronically stored information./(BQ #5039)


**I am writing to follow up our conversation on Tuesday.  I'm aware that you are planning to leave the state tomorrow.  My notes reflect you were going to let me know if the proposed Defendants wanted to meet upon your return to discuss resolution.**


**Can someone let me know so we can hopefully avoid the cost and inconvenience of litigation?**


Rick L. Brunner, Esq.
Partner
Brunner Quinn
35 North Fourth Street, Suite 200
Columbus, Ohio 43215
(614) 241-5550, Ext. 226
(614) 241-5551, Fax
rlb@brunnerlaw.com

Confidentiality Notice:  This email message is intended only for the person or entity to which it is addressed, regardless of address or routing. It may contain confidential and/or privileged material, including attachments.  Any unauthorized

EXHIBIT 5

8/2/2019                                    Brunner Quinn Law Firm Mail - RE: follow up


                                                                    Rick Brunner <rlb@brunnerlaw.com>

---

## RE: follow up
1 message

**Brian M. Zets** <bzets@isaacwiles.com>                        Tue, Jul 23, 2019 at 2:34 PM
To: Rick Brunner <rlb@brunnerlaw.com>


Rick –


I was not at last night's council meeting because the Village decided my services were no longer needed.   You have to
confer with attorney Lynnette Dinkler on this, and any other Russells Point-related matter.



                        Brian M. Zets
                        **Attorney at Law**
                        Two Miranova Place, Ste. 700
                        Columbus, OH 43215-5098
                        **t** 614.221.2121 • **f** 614.365.9516
                        **d** 614.857.1377

                        Bzets@isaacwiles.com
                        www.isaacwiles.com


**CONFIDENTIAL NOTICE:** This email and any attachments are for the exclusive and confidential use of the intended recipient.  If you are not the intended
recipient, please do not read, distribute or take action in reliance upon this message.  If you have received this in error, please notify us immediately by return
email and promptly delete this message and its attachments from your computer system.  **WE DO NOT WAIVE ATTORNEY-CLIENT or WORK PRODUCT
PRIVILEGE by the transmission of this message.**


**From:** Rick Brunner <rlb@brunnerlaw.com>
**Sent:** Tuesday, July 23, 2019 1:45 PM
**To:** Brian M. Zets <bzets@isaacwiles.com>
**Cc:** Patrick Quinn <pmq@brunnerlaw.com>; Chelsey Kovach <cmk@brunnerlaw.com>; Jennifer Blankenship
<jab@brunnerlaw.com>; W Scott Simon <scottsimon1140@gmail.com>
**Subject:** follow up to RLB's email dated Mon, Jul 15, 2019 at 8:40 PM EDST and Re: BMZ's email dated Fri, Jul 12, 2019
at 7:28 AM EDST in response to RLB's email dated Thursday, July 11, 2019 4:28 PM EDST and Re:follow up on and Post
Script to RLB's email dated ...


 follow up to RLB's email dated  Mon, Jul 15, 2019 at 8:40  EDST and Re: BMZ's email
dated Fri, Jul 12, 2019 at 7:28 AM EDST in response to  RLB's email dated Thursday, July 11, 2019 4:28
PM EDST and Re:BMZ's email dated Thu, Jul 11, 2019 at 7:24 AM EDST in response to  RLB's email
dated Wednesday, July 10, 2019 6:39 PM EDST and Re:follow up on and Post Script to RLB's email
dated Mon, Jul 8, 2019 at 11:46 AM EDST and Re: BMZ's email dated Sun, Jul 7, 2019 at 5:13 PM EDST  and
Re: Follow up to our telephone conversation on Tues June 25, 2019 in response to  RLB's email dated Tue, Jun 25,
2019 at 1:01 PM EDST  and Re: Follow up to RLB's letter transmitted via email dated Mon, Jun 24, 2019 at 1:18
PM EDST  and voice mail message to Mayor Robin Reames and Re  (i) Sari K. Silwani, et al. v. The Honorable

8/2/2019                                    Brunner Quinn Law Firm Mail - RE: follow up

Robin Reames, Mayor, et al. (proposed discrimination action in the U.S. District Court, Northern District of
Ohio); (ii) Sari K. Silwani, v. The Honorable Robin Reames, Mayor (proposed mandamus action for Ohio Third
Appellate District); (iii) Offer to meet and confer prior to filing proposed litigation; and (iiv) Notice to preserve

evidence, including, but not limited to, electronically stored information./(BQ #5039)

# I am writing to follow up on last night's council meeting. When can you and i confer on this matter this week?



**Rick L. Brunner, Esq.**
Partner
Brunner Quinn
35 North Fourth Street, Suite 200
Columbus, Ohio 43215
(614) 241-5550, Ext. 226
(614) 241-5551, Fax
rlb@brunnerlaw.com

Confidentiality Notice: This email message is intended only for the person or entity to which it is addressed,
regardless of address or routing. It may contain confidential and/or privileged material, including attachments. Any
unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended or named recipient,
please contact the sender by immediate reply e-mail, delete the message and destroy all copies of the original
message. If you are the named or intended recipient but do not wish to receive communications through this medium,
please so advise the sender immediately. Personal messages express the view of only the sender.



On Mon, Jul 15, 2019 at 8:40 PM Rick Brunner <rlb@brunnerlaw.com> wrote:

**BMZ's email dated** Fri, Jul 12, 2019 at 7:28 AM EDST in response to  RLB's email dated Thursday, July 11, 2019 4:28 PM EDST and Re:f**BMZ's email dated** Thu, Jul 11, 2019 at 7:24 AM EDST in response to RLB's email dated Wednesday, July 10, 2019 6:39 PM EDST and Re:follow up on and Post Script to RLB's email dated Mon, Jul 8, 2019 at 11:46 AM EDST and Re: BMZ's email dated Sun, Jul 7, 2019 at 5:13 PM EDST  and Re: Follow up to our telephone conversation on Tues June 25, 2019 in response to  RL**B's email dated Tue, Jun 25, 2019 at 1:01 PM EDST  and Re: Follow up to RLB's letter transmitted via email dated Mon, Jun 24, 2019 at 1:18 PM EDST  and voice mail message to Mayor Robin Reames and Re  (i) Sari K. Silwani, et al. v. The Honorable Robin Reames, Mayor, et al. (proposed discrimination action in the U.S. District Court, Northern District of Ohio); (ii) Sari K. Silwani, v. The Honorable Robin Reames, Mayor (proposed mandamus action for Ohio Third Appellate District); (iii) Offer to meet and confer prior to filing proposed litigation; and (iii) Notice to preserve evidence, including, but not limited to, electronically stored information./(BQ #5039)**

# I can appreciate that you may see my email dated Fri, Jul 12, 2019 at 7:28 AM EDST as merely rhetoric.

# However,  my clients began this process at the beginning of this year.  While much later the property in between my client's property and Rite Aid, at 148 W Main Street was sold to develop into a Quest branch with parking lots , service deliveries and trash,  is moving foreword after discussion with the Village of Russells Point.  Same realtor was involved in both the 148 W. Main and the 184 W Main and treated totally different and that one is moving ahead.

**Can you explain why properties next door to each other and sold by the same realtor are getting disparate treatment?    My clients are furious and every**

**time they see progress at 148 w. Main and they are obviously going to lose this current season entirely, they get more frustrated and resentful of the racial, ethnic and religious discrimination they have felt... This process may not move fast enough to prevent the eruption of litigation at this point.**

**Rick L. Brunner, Esq.**
Partner
Brunner Quinn
35 North Fourth Street, Suite 200
Columbus, Ohio 43215
(614) 241-5550, Ext. 226
(614) 241-5551, Fax
rlb@brunnerlaw.com

Confidentiality Notice: This email message is intended only for the person or entity to which it is addressed, regardless of address or routing. It may contain confidential and/or privileged material, including attachments. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended or named recipient, please contact the sender by immediate reply e-mail, delete the message and destroy all copies of the original message. If you are the named or intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately. Personal messages express the view of only the sender.



On Fri, Jul 12, 2019 at 7:28 AM Brian M. Zets <bzets@isaacwiles.com> wrote:

Rick –

You can kindly tone down the rhetoric and threats. Council did not discuss this on July 1 because I was out of town from June 29th thru July 6th – and you knew this. Council needs me to go into executive session to discuss threatened litigation. The Village is taking this seriously, and I will let you know how they want to proceed as soon as I know. Talk soon.



Brian M. Zets
**Attorney at Law**
Two Miranova Place, Ste. 700
Columbus, OH 43215-5098
t 614.221.2121 · f 614.365.9516
d 614.857.1377

Bzets@isaacwiles.com
www.isaacwiles.com

CONFIDENTIAL NOTICE: This email and any attachments are for the exclusive and confidential use of the intended recipient. If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system. WE DO NOT WAIVE ATTORNEY-CLIENT or WORK PRODUCT PRIVILEGE by the transmission of this message.

**From:** Rick Brunner <rlb@brunnerlaw.com>
**Sent:** Thursday, July 11, 2019 4:28 PM
**To:** Brian M. Zets <bzets@isaacwiles.com>
**Cc:** Patrick Quinn <pmq@brunnerlaw.com>; Chelsey Kovach <cmk@brunnerlaw.com>; Jennifer Blankenship <jab@brunnerlaw.com>
**Subject:** Fwd: meeting

**BMZ's email dated** Thu, Jul 11, 2019 at 7:24 AM EDST in response to RLB's email dated Wednesday, July 10, 2019 6:39 PM EDST and Re:follow up on and Post Script to RLB's email dated Mon, Jul 8, 2019 at 11:46 AM EDST and Re: BMZ's email dated Sun, Jul 7, 2019 at 5:13 PM EDST and Re: Follow up to our telephone conversation on Tues June 25, 2019 in response to RLB's email dated Tue, Jun 25, 2019 at 1:01 PM EDST and Re: Follow up to RLB's letter transmitted via email dated Mon, Jun 24, 2019 at 1:18 PM EDST and voice mail message to Mayor Robin Reames and Re (i) Sari K. Silwani, et al. v. The Honorable Robin Reames, Mayor, et al. (proposed discrimination action in the U.S. District Court, Northern District of Ohio); (ii) Sari K. Silwani, v. The Honorable Robin Reames, Mayor (proposed mandamus action for Ohio Third Appellate District); (iii) Offer to meet and confer prior to filing proposed litigation; and (iii) Notice to preserve evidence, including, but not limited to, electronically stored information./(BQ #5039)

# Well I don't envy you having to heard those "cats," as it were.

# My problem is that the council did meet on July 1, 2019 wich was much after our letter to them and your and my communications, and my client is having a hard time understanding why they didn't decide to meet with him at that time.

# Also it doesn't help when your mayor tells my client that she has relatives that are neo-nazis either. That's not only an odd kind of admission

**for any public official, but given what else has happened, it has all of us wondering what the real message and intent of that statement really was.**

**All I can tell is your client better act quickly to revoke their vote denial or act quickly to get a meeting with us. They could have decided the issue on July 1, 2019. So if we don't have a reversal by the end of July or at least a good start on negotiations I expect my client will proceed with litigation. If they don't rescind or revoke they are sure going to have to make my client believe they are seriously talking resolution with him.**

**Rick L. Brunner, Esq.**
Partner
Brunner Quinn
35 North Fourth Street, Suite 200
Columbus, Ohio 43215
(614) 241-5550, Ext. 226
(614) 241-5551, Fax
rlb@brunnerlaw.com

Confidentiality Notice: This email message is intended only for the person or entity to which it is addressed, regardless of address or routing. It may contain confidential and/or privileged material, including attachments. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended or named recipient, please contact the sender by immediate reply e-mail, delete the message and destroy all copies of the original message. If you are the named or intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately. Personal messages express the view of only the sender.



---------- Forwarded message ---------
From: **Brian M. Zets** <bzets@isaacwiles.com>
Date: Thu, Jul 11, 2019 at 7:24 AM
Subject: RE: meeting
To: Rick Brunner <rlb@brunnerlaw.com>


Rick –


As you probably can imagine, it is not easy to schedule an evening meeting with a large group of people, especially during the height of the summer vacation season.   But, I am working on it.  I emailed my client yesterday (before you emailed me).  The council meeting likely will be the week of July 22.  Once that meeting happens, I will let you know what council's official answer is.  Talk soon.




**Brian M. Zets**
**Attorney at Law**
Two Miranova Place, Ste. 700
Columbus, OH 43215-5098
**t** 614.221.2121 • **f** 614.365.9516
**d** 614.857.1377

Bzets@isaacwiles.com
www.isaacwiles.com


**CONFIDENTIAL NOTICE:** This email and any attachments are for the exclusive and confidential use of the intended recipient.  If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message.  If you have received this in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system.  **WE DO NOT WAIVE ATTORNEY-CLIENT or WORK PRODUCT PRIVILEGE by the transmission of this message.**


**From:** Rick Brunner <rlb@brunnerlaw.com>
**Sent:** Wednesday, July 10, 2019 6:39 PM
**To:** Brian M. Zets <bzets@isaacwiles.com>
**Cc:** Patrick Quinn <pmq@brunnerlaw.com>; Chelsey Kovach <cmk@brunnerlaw.com>; Jennifer Blankenship <jab@brunnerlaw.com>
**Subject:** Re: follow up on and Post Script to RLB's email dated Mon, Jul 8, 2019 at 11:46 AM EDST and Re: BMZ's email dated Sun, Jul 7, 2019 at 5:13 PM EDST and Re: Follow up to our telephone conversation on Tues June 25, 2019 in response to RLB's email dated Tu...

follow up on and Post Script to RLB's email dated Mon, Jul 8, 2019 at 11:46 AM EDST and Re: BMZ's email dated Sun, Jul 7, 2019 at 5:13 PM EDST and Re: Follow up to our telephone conversation on Tues June 25, 2019 in response to RLB's email dated Tue, Jun 25, 2019 at 1:01 PM EDST and Re: Follow up to RLB's letter transmitted via email dated Mon, Jun 24, 2019 at 1:18 PM EDST and voice mail message to Mayor Robin Reames and Re (i) Sari K. Silwani, et al. v. The Honorable Robin Reames, Mayor, et al. (proposed discrimination action in the U.S. District Court, Northern District of Ohio); (ii) Sari K. Silwani, v. The Honorable Robin Reames, Mayor (proposed mandamus action for Ohio Third Appellate District); (iii) Offer to meet and confer prior to filing proposed litigation; and (iii) Notice to preserve evidence, including, but not limited to, electronically stored information./(BQ #5039)

# Three (3) days have now elapsed since your email dated Sun, Jul 7, 2019 at 5:13 PM EDST referenced above and pasted below.

# Where do we stand on these matters?

# Does council and its members want to meet and confer?

**Rick L. Brunner, Esq.**
Partner
Brunner Quinn
35 North Fourth Street, Suite 200
Columbus, Ohio 43215
(614) 241-5550, Ext. 226
(614) 241-5551, Fax
rlb@brunnerlaw.com

Confidentiality Notice: This email message is intended only for the person or entity to which it is addressed, regardless of address or routing. It may contain confidential and/or privileged material, including attachments. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended or named recipient, please contact the sender by immediate reply e-mail, delete the message and destroy all copies of the original message. If you are the named or intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately. Personal messages express the view of only the sender.



On    Rick Brunner <rlb@brunnerlaw.com> wrote:

BMZ's email dated Sun, Jul 7, 2019 at 5:13 PM EDST and Re: Follow up to our telephone conversation on Tues June 25, 2019 in response to RLB's email dated Tue, Jun 25, 2019 at 1:01 PM EDST and Re: Follow up to RLB's letter transmitted via email dated Mon, Jun 24, 2019 at 1:18 PM EDST and voice mail message to Mayor Robin Reames and Re (i) Sari K. Silwani, et al. v. The Honorable Robin Reames, Mayor, et al. (proposed discrimination action in the U.S. District Court, Northern District of Ohio); (ii) Sari K. Silwani, v. The Honorable Robin Reames, Mayor (proposed mandamus action for Ohio Third Appellate District); (iii) Offer to meet and confer prior to filing proposed litigation; and (iii) Notice to preserve evidence, including, but not limited to, electronically stored information./(BQ #5039)

## Good morning! I hope that your time away from your law practice was good and fruitful.

## I am in town this week. While I was still out of town when you wrote your email dated Sun, Jul 7, 2019 at 5:13 PM EDST referenced above and pasted below, I returned at around 10:00 a.m. this morning.

## What kind of time frame are you looking at to get council to deal with this reconsideration? Are talking this week or next week? The key for my client is going to be the speed at which council agrees to act.

**Rick L. Brunner, Esq.**
Partner
Brunner Quinn
35 North Fourth Street, Suite 200
Columbus, Ohio 43215
(614) 241-5550, Ext. 226

(614) 241-5551, Fax
rlb@brunnerlaw.com

Confidentiality Notice: This email message is intended only for the person or entity to which it is addressed, regardless of address or routing. It may contain confidential and/or privileged material, including attachments. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended or named recipient, please contact the sender by immediate reply e-mail, delete the message and destroy all copies of the original message. If you are the named or intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately. Personal messages express the view of only the sender.



On

Brian M. Zets <bzets@isaacwiles.com> wrote:

Rick –

I talked to Mayor Reams before I left. And, she indicated the Village is interested in talking. But before that conversation, I need to talk to Council. If memory serves me, you are out of town this week. I will let you know when I plan to meet with council (should be soon) and then when we can talk about a possible resolution.



**Brian M. Zets**
**Attorney at Law**
Two Miranova Place, Ste. 700
Columbus, OH 43215-5098
t 614.221.2121 • f 614.365.9516
d 614.857.1377

Bzets@isaacwiles.com
www.isaacwiles.com

**CONFIDENTIAL NOTICE:** This email and any attachments are for the exclusive and confidential use of the intended recipient. If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system. **WE DO NOT WAIVE ATTORNEY-CLIENT or WORK PRODUCT PRIVILEGE by the transmission of this message.**

**From:** Rick Brunner <rlb@brunnerlaw.com>
**Sent:** Thursday, June 27, 2019 6:42 PM
**To:** Brian M. Zets <bzets@isaacwiles.com>
**Cc:** Patrick Quinn <pmq@brunnerlaw.com>; Chelsey Kovach <cmk@brunnerlaw.com>; Jennifer Blankenship

<jab@brunnerlaw.com>
**Subject:** Follow up to our telephone conversation on Tues June 25, 2019 in response to RLB's email dated Tue, Jun 25, 2019 at 1:01 PM EDST and Re: Follow up to RLB's letter transmitted via email dated Mon, Jun 24, 2019 at 1:18 PM EDST and voice mail message to M...

**Follow up to our telephone conversation on Tues June 25, 2019 in response to RLB's email dated Tue, Jun 25, 2019 at 1:01 PM EDST and Re: Follow up to RLB's letter transmitted via email dated Mon, Jun 24, 2019 at 1:18 PM EDST and voice mail message to Mayor Robin Reames, et al. and Re (i) Sari K. Silwani, et al. v. The Honorable Robin Reames, Mayor, et al. (proposed discrimination action in the U.S. District Court, Northern District of Ohio); (ii) Sari K. Silwani, v. The Honorable Robin Reames, Mayor (proposed mandamus action for Ohio Third Appellate District); (iii) Offer to meet and confer prior to filing proposed litigation; and (iii) Notice to preserve evidence, including, but not limited to, electronically stored**

**information./(BQ #5039)**

## I am writing to follow up our conversation on Tuesday. I'm aware that you are planning to leave the state tomorrow. My notes reflect you were going to let me know if the proposed Defendants wanted to meet upon your return to discuss resolution.

## Can someone let me know so we can hopefully avoid the cost and inconvenience of litigation?

**Rick L. Brunner, Esq.**
Partner
Brunner Quinn
35 North Fourth Street, Suite 200
Columbus, Ohio 43215
(614) 241-5550, Ext. 226
(614) 241-5551, Fax
rlb@brunnerlaw.com

Confidentiality Notice: This email message is intended only for the person or entity to which it is addressed, regardless of address or routing. It may contain confidential and/or privileged material, including attachments. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended or named recipient, please contact the sender by immediate reply e-mail, delete the message and destroy all copies of the original message. If you are the named or intended recipient but do not wish to

receive communications through this medium, please so advise the sender immediately. Personal
messages express the view of only the sender.



---------- Forwarded message ---------
From: **Rick Brunner** <rlb@brunnerlaw.com>
Date: Tue, Jun 25, 2019 at 1:01 PM
Subject: Follow up to RLB's letter transmitted via email dated Mon, Jun 24, 2019 at 1:18 PM EDST and voice
mail message to Mayor Robin Reames and Re (i) Sari K. Silwani, et al. v. The Honorable Robin Reames,
Mayor, et al. (proposed discrimination action in the U.S. District Court, Northern District of Ohio); (ii) Sari K.
Silwani, v. The Honorable Robin Reames, Mayor (proposed mandamus action for Ohio Third Appellate
District); (iii) Offer to meet and confer prior to filing proposed litigation; and (iv) Notice to preserve evidence,
including, but not limited to, electronically stored information./(BQ #5039)
To: <mayor@russellspoint-oh.gov>, <19378439956@myfax.com>, <huffmanj@russellspoint-oh.gov>,
<huffmank@russellspoint-oh.gov>, <maxwellj@russellspoint-oh.gov>, <hendelm@russellspoint-oh.gov>
Cc: Jennifer Blankenship <jab@brunnerlaw.com>, Chelsey Kovach <cmk@brunnerlaw.com>

**Follow up to RLB's letter transmitted via email dated Mon, Jun 24, 2019 at 1:18 PM EDST and
voicemail message to Mayor Robin Reames thereafter and Re (i) Sari K. Silwani, et al. v. The
Honorable Robin Reames, Mayor, et al. (proposed discrimination action in the U.S. District
Court, Northern District of Ohio); (ii) Sari K. Silwani, v. The Honorable Robin Reames, Mayor
(proposed mandamus action for Ohio Third Appellate District); (iii) Offer to meet and confer
prior to filing proposed litigation; and (iv) Notice to preserve evidence, including, but not
limited to, electronically stored information./(BQ #5039)**

# The purpose of this communication is to follow up my attempts to communicate with you referenced above and in the case of the letter transmitted by email dated Mon, Jun 24, 2019 at 1:18 PM EDST, also pasted and attached below.

# Almost 24 hours of the time specified have passed and not even an email acknowledging

**the phone message or any email or the facsimile transmission has been received.**

**Do none of you have any interest in resolving this matter or even discussing resolution?**

**Are you all intent on litigating these issues, or is it that you do not often check your official emails and telephone numbers?**

**Mayor Reames is there a cell or home number you would rather I called to get a prompt response as is required in this circumstance?**

**Rick L. Brunner, Esq.**
Partner
Brunner Quinn
35 North Fourth Street, Suite 200
Columbus, Ohio 43215
(614) 241-5550, Ext. 226
(614) 241-5551, Fax
rlb@brunnerlaw.com

Confidentiality Notice: This email message is intended only for the person or entity to which it is addressed, regardless of address or routing. It may contain confidential and/or privileged material, including attachments. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended or named recipient, please contact the sender by immediate reply e-mail, delete the message and destroy all copies of the original message. If you are the named or intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately. Personal messages express the view of only the sender.



---------- Forwarded message ---------
From: **Jenny Blankenship** <jab@brunnerlaw.com>
Date: Mon, Jun 24, 2019 at 1:18 PM
Subject: (BQ #5039) (i) Sari K. Silwani, et al. v. The Honorable Robin Reames, Mayor, et al. (proposed discrimination action in the U.S. District Court, Northern District of Ohio); (ii) Sari K. Silwani, v. The Honorable Robin Reames, Mayor (proposed mandamus action for Ohio Third Appellate District); (iii) Offer to meet and confer prior to filing proposed litigation; and (iii) Notice to preserve evidence, including, but not limited to, electronically stored information.
To: <mayor@russellspoint-oh.gov>, <huffmanj@russellspoint-oh.gov>, <huffmank@russellspoint-oh.gov>, <maxwellj@russellspoint-oh.gov>, <hendelm@russellspoint-oh.gov>, <19378439956@myfax.com>
Cc: Rick Brunner <rlb@brunnerlaw.com>


Dear Honorable Ladies & Gentlemen:


Please find enclosed correspondence with enclosures from Attorney Rick Brunner in connection with the above-referenced matters. A hard copy has also been sent to you via Certified U.S. Mail.


Should you have any questions or concerns, please do not hesitate to contact our office. Thank you.


--

**Jenny A. Blankenship**

Paralegal/Legal Assistant

Brunner Quinn
35 North Fourth Street, Suite 200
Columbus, Ohio 43215
(614) 241-5550, Ext. 226
(614) 241-5551, Main Fax


Confidentiality Notice: This email message is intended only for the person or entity to which it is addressed, regardless of address or routing. It may contain confidential and/or privileged material, including attachments. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended or named recipient, please contact the sender by immediate reply e-mail, delete the message and destroy all copies of the original message. If you are the named or intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately. Personal messages express the view of only the sender.